■ IRV-CEIL REALTY CORP., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 49205.) — Motion to direct payment pursuant to subdivision 5 of section 20 of the Court of Claims Act, granted to the extent that the Comptroller is ordered to pay to appellant the sum of $30,980, plus appropriate interest, said sum representing the difference between the amount of the advance payment and the amount of respondent's appraisal. Motion in all other respects denied, without costs. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDDY NANTON, Petitioner, v. CHESTER D. OWENS, as Superintendent of Elmira Reception Center, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied. Greenblott, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.

# (October 19, 1972)

■ In the Matter of LAWRENCE NOVAK, Respondent, v. HARRY E. NASH et al., Constituting the Board of Elections of the County of Columbia, Appellants.— Appeal from a judgment of the Supreme Court at Special Term, dated October 17, 1972, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the Board of Elections of Columbia County to place the name of Albert J. Lockwood on the ballot for the November election as the candidate of the Citizen's Party for the office of County Clerk. Although a proceeding pursuant to CPLR article 78 is a proper vehicle for obtaining the relief sought herein, the present proceeding must be dismissed since it was not timely commenced and, further, since petitioner has no standing. (Matter of Van Lengen v. Balbanian, 50 Misc 2d 652, affd. 26 A D 2d 622, affd. 17 N Y 2d 920; Matter of Mansfield v. Epstein, 5 N Y 2d 70, 73; Election Law, § 330.) Judgment reversed, on the law and the facts, and petition dismissed. Staley, Jr., J. P., Greenblott, Sweeney, Reynolds and Kane, JJ., concur.