■ LINDA HARRIS, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determination unanimously annulled, with costs, and matter remitted to the Erie County Social Services Department for further action in accordance with section 131-a (subd. 6, par. [b]) of the Social Services Law, and the following memorandum: Since no issue is raised in this proceeding as to the existence of substantial evidence in support of respondent's determination under CPLR 7803 (subd. 4), this matter was improperly transferred for disposition to this court (CPLR 7804, subd. [g]). "'"Where [as here] the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited" (Board v. Hearst Publications, 322 U. S. 111, 131). The administrative determination is to be accepted by the courts "if it has 'warrant in the record' and a reasonable basis in law" (same citation). "The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body" (Rochester Tel. Corp. v. U. S., 307 U. S. 125, 146)'" (Howard v. Wyman, 28 N Y 2d 434, 438). We interpret this language, taken with the statement appearing in the same case that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (p. 438), as a directive that the courts are not authorized to require a showing of substantial evidence to sustain a determination of the kind here called into question, but may inquire only as to the arbitrariness or unreasonableness of such a determination. Such inquiry is properly made by the court at Special Term in the first instance (CPLR 7804, subd. [g]); but when the matter has been transferred here, we will determine it (CPLR 7804, subd. [g]; Matter of Conklin v. Riley, 41 A D 2d 597). There is no dispute about the facts. Petitioner and her two minor children have been receiving assistance under the Federally funded program of Aid to Families with Dependent Children since November, 1971. In December of that year she left the apartment of her parents, where she and her children had been living with 11 other persons of her family, because of overcrowding and inability to get along with her mother. From that time until October, 1972 she and her children lived in two unfurnished apartments of her own; since October, 1972 they have occupied furnished emergency housing maintained for transient occupancy by the Erie County Department of Social Services. Petitioner's several requests for a grant with which to purchase household furnishings have been denied, the latest on October 24, 1972 after a fair hearing. Respondent affirmed the denial on the ground that "the appellant presents no grounds under section 352.7 (a) (2) of the requirements of the State Department of Social Services to permit the Agency to make a special grant to establish a household. Further she is still a minor entitled to support from her parents and has been in receipt of a basic

grant with which to provide necessities for the past year." As the commissioner's predecessor has recognized, there is nothing in section 131-a (subd. 6, par. [b]) of the Social Services Law or in the implementing regulations of the department (18 NYCRR 352.7 [a]) which requires the department to extend grants for furniture only to those persons who fall within the narrowly defined circumstances of the examples set forth in section 352.7 (subd. [a], par. [2]) of the regulations. In decision after fair hearing No. 598-71 petitioner and her child were living with her mother and two sisters in a five-room apartment which included three bedrooms. The commissioner, reversing the determination of the local social services agency after a fair hearing and granting appellant's request for a furniture grant contingent upon the agency's approval of an unfurnished apartment which she wished to rent, stated: "Pursuant to Section 131-a.6 of the Social Services Law, a social services official is required to make provision for the purchase of necessary and essential furniture required for the establishment of a home for persons in need of public assistance. Section 352.7 of the Regulations of the State Department of Social Services sets forth circumstances in which such furniture shall be provided. However, the issuance of grants for furniture to establish a home are not limited to the four situations specified, since the Regulation clearly indicates that such are to be considered guidelines." (Decided July 9, 1971.) (See, also, *Matter of Green*, decided June 24, 1971.) The fact that petitioner is a minor has no bearing on the denial of the grant sought, in view of her evidenced good faith attempt over a considerable period of time to establish a home for herself and her children. On the facts demonstrated in this case respondent's failure to provide the grant under his statutory duty to "provide adequately for those unable to maintain themselves" and to "administer such care, treatment, and service as may restore such persons to a condition of self-support or self-care" (Social Services Law, § 131, subd. 1), was unreasonable, arbitrary and capricious. (Review of determination denying grant for furniture, transferred by order of Erie Special Term.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Simons, JJ.