### (August 27, 1975)

■ In the Matter of JOHN J. HOGAN et al., Petitioners, v EDWIN CALLAHAN, as Commissioner of Elections of the County of Ulster, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Ulster County) to compel the respondents to take those steps necessary to provide equal application of their ruling rejecting the authorization of petitioner Kirschner by the screening committee of the Ulster County Conservative Party to all candidates similarly situated. On June 24, 1975 a screening committee of the Ulster County Conservative Party authorized the candidacy of petitioner Kirschner for the office of Ulster County Clerk as well as 18 other candidates for various offices (Election Law, § 137, subd 4). Petitioner Kirschner, an enrolled Democrat, had previously received the Democratic nomination for the same office. The petitioner Kirschner's designating petition and accompanying authorization were objected to on the ground that the screening committee was illegally created, and respondents, on August 4, 1975, accordingly rejected Kirschner's designating petition and accompanying authorization. Similar objections had been filed on the same ground against all other authorizations made by the screening committee, but these objections were rejected by respondents on the ground that they were not timely filed. Subsequently, on August 11, 1975 petitioners commenced the present proceeding. Respondents sought dismissal of the proceeding on the grounds (1) that it was untimely; (2) that petitioners had failed to join all those persons whose candidacies were being contested; and (3) that petitioners lacked standing to maintain the proceeding. Special

Term has improperly transferred the proceeding to this court, but we will treat the proceeding as though it has properly come before us for disposition (CPLR 7804, subd [g]). Although a proceeding pursuant to CPLR article 78 is a proper vehicle for obtaining the relief sought herein, the time limitations contained in section 330 of the Election Law are applicable to such a proceeding *(Matter of Novak v Nash,* 40 AD2d 728, affd 31 NY2d 710). Subdivision 1 of section 330 of the Election Law requires that an election proceeding be instituted within 14 days after the last day to file petitions. The last day to file petitions for the September 9 Primary was July 24, and, therefore, a proceeding pursuant to section 330 had to have been commenced not later than August 7. Since the present proceeding was not commenced until August 11, it is untimely. Moreover, petitioners not only failed to join those individuals whose candidacies are being contested but none of them is a candidate aggrieved or a person who had filed an objection pursuant to section 145 of the Election Law (see *Matter of Greenspan v O'Rourke,* 27 NY2d 846; Election Law, § 330, subd 2). Accordingly, the petition should be dismissed. Petition dismissed, without costs. Motion for leave to appeal to the Court of Appeals granted, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.