John T. Casey, J.
The petitioner, a retiree as of September 1, 1971, seeks an order directing the respondent to recompute and increase the retirement allowance that he is presently receiving under Option "3”, the option he selected, of the State Retirement Plan. That option provides for the payment of $1,471.57 a month to the petitioner for life and one half of that sum to his wife for her life, should she survive him.
The allowance to the petitioner, who entered New York State service September 1, 1933, is computed on the basis of a 1921 mortality table which was in effect at the time of petitioner’s employment because section 7 of article V of the State Constitution provides for the vesting of members’ benefits as of July 1, 1940 and that such vesting shall never be diminished or impaired. The purpose of that section, of course, is to fix the benefits of an employee at the time he became a member of the system. (Birnbaum v New York State Teachers Retirement System, 5 NY2d 1.)
The petitioner complains, however, that by using the Beneficiaries Revised Mortality Table of 1941 in regard to his wife’s life expectancy and not the 1921 table for her also, the amount he is receiving is $279.71 less per year and he insists that in order to protect his allowance against constitutional impairment his wife as beneficiary must have her life expectancy computed under the table for beneficiaries in effect at *905 the time he entered the system and not under the revised table of 1941.
When Option "3” is selected the expected longevity of the beneficiary is a factor in determining the actuarial equivalent of the allowance to the petitioner while he lives. This fact does not give the petitioner entitlement to the claimed relief. His election of Option "3” is a knowing and voluntary one and with the purpose of protecting his wife financially during her lifetime, should she survive him. As beneficiary and as a nonmember of the system the wife is not entitled to the constitutional protection that the petitioner is, and her life expectancy tables may change. It is true that the petitioner’s allowance is reduced a little each month by the use of the 1941 tables as a component for her life expectancy rather than the 1921 tables. Presumably, however, if the wife’s life follows the computed projection it will be longer and she will receive more benefits as the result of such longevity. There can be no mathematical precision in mortality tables. The only constitutional requirement is that the mortality tables in effect at the time the petitioner entered State service must be used as far as he is concerned. By electing Option "3” he is presumed to know that his wife is not so protected and that he will receive a reduced amount when his beneficiary’s life is computed according to the 1941 tables or any subsequent ones.
There has been no showing of any impairment of the petitioner’s rights and the petition is, therefore, dismissed.