Edward F. McLaughlin, J.
Petitioner seeks judicial review under CPLR article 78 reversing and annulling respondents’ decision denying payment to petitioner for the cost of the care and maintenance of his seeing-eye dog pursuant to subdivision 2 of section 365-a of the Social Services Law on the grounds that it is contrary to the duty imposed by the statute, is arbitrary, capricious and contrary to law.
The petitioner is legally blind and is the recipient of Social Security disability benefits in the amount of $260 per month. The Social Services Department of Onondaga County has determined that petitioner has a surplus of $15 per month above Medicaid eligibility standards and, therefore, must pay $15 a month to the agency in order to receive medical assistance. The petitioner contends that he must use the seeing-eye dog to overcome his handicap and to increase his capacity for normal activity. He contends that the maintenance of the dog for food and care costs him from $20 to $30 a month and that this maintenance expense of the dog should be considered as an offset against the surplus of $15 a month which he must pay to the agency in order to receive medical assistance.
By letter dated November 18, 1975, petitioner, through his attorney, requested the Department of Social Services of the County of Onondaga to take into account in computing petitioner’s eligibility for medical assistance, the expenses he incurred in maintaining the seeing-eye dog which exceed the $15 a month surplus set by the respondent agency. This request was denied by respondent agency in a letter dated November 24, 1975. Said letter stated that a fair hearing was held on March 4, 1975 that considered the issue of the seeing-eye dog and a prior determination of the agency was affirmed.
On December 9, 1975, petitioner requested a fair hearing, which was held on January 6, 1976, which petitioner attended with his counsel. A decision was rendered on January 22, 1976 affirming the denial by the Onondaga County Social Services Department on the grounds that the seeing-eye dog was not a medical need which could be provided for under the scope of medical assistance, as set forth in section 365-a of the Social Services Law.
*496 Subdivision 2 of section 365-a of the Social Services Law states: " 'Medical assistance’ shall mean payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct, or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap and which are furnished an eligible person in accordance with this title, and the regulations of the department. Such care, services and supplies shall include, but need not be limited to: * * * (f) drugs, sickroom supplies, eyeglasses, and prosthetic appliances except dental prosthetic appliances; provided however that dental prosthetic and orthodontic appliances required to alleviate a serious health condition, including one which affects employability, may be furnished with prior approval in accordance with the regulations of the department.” (Emphasis added.)
Petitioner contends that this section of the law is broad enough to include the maintenance and support of the seeing-eye dog to a totally blind person and that the dog should be considered a prosthetic appliance or care which is necessary to correct a condition in the person or which interferes with his capacity for normal activity and threatens significant handicap.
Respondents contend that a seeing-eye dog is not a prosthetic appliance which in the normal usage of that term is an artificial device to replace a missing part of the body. Respondents further contend that a seeing-eye dog is not a "medical necessity” for the conduct of a normal life free from acute suffering, illness or infirmity as described in the. statute.
The respondents further assert that there was substantial evidence in the record to support the decision of the commissioner. The mere fact that a fair hearing was held does not require transfer of this case to the Appellate Division for review under CPLR 7804 (subd [g]). (Harris v Lavine, 43 AD2d 894; see, also, O’Brien v Barnes Bldg. Co., 85 Misc 2d 424, at pp 432-433.)
Whether a substantial evidence issue requiring transfer to the Appellate Division is present is a question to be decided by the court and not by the petitioner or respondents. On the authority of Harris v Lavine (supra), I find that the determination sought by the petitioner to be reviewed involves the interpretation of the statute by the agency and whether the *497 actions of respondent were arbitrary and capricious. I also find there are no issues of fact or substantial evidence and accordingly will proceed to dispose of this matter under the provisions of CPLR 7803 (subd 3), and CPLR 7804 (subd [g]).
The construction given statutes and regulations by the agency responsible for their administration, if not irrationable or unreasonable, should be upheld. Statutory construction is the function of the courts, but where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited. The administrative determination is to be accepted by the courts "if it has warrant in the record” and a reasonable basis in law. (See Matter of Howard v Wyman, 28 NY2d 434, at p 438.) In a judicial review under CPLR article 78, the determination of an administrative body may not be disturbed if there is any reasonable basis for its action. (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1, 34 NY2d 222.)
It is not the prerogative of the court to legislate but rather to interpret the existing statutes and law. It may well be that amendment of section 365-a of the Social Services Law to cover the maintenance of seeing-eye dogs for totally blind persons is indicated. However, the court does not believe that it can stretch the provisions of the existing statute to fit the particular circumstances here to bring the maintenance of petitioner’s seeing-eye dog within the framework of the existing statute. That will have to be left to the Legislature rather than to this court.
The court, after reviewing petition and supporting papers, as well as the papers submitted by the respective respondents in opposition, and having heard oral arguments of counsel, concludes and finds that the determination of the respondents was not made in violation of lawful procedure, was not arbitrary and capricious nor an abuse of discretion, and, therefore, the petition is dismissed.