■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Petitioner, and ASHLAND OIL, INC., Intervenor-Petitioner, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review two determinations of the Public Service Commission which limited the amount of synthetic natural gas

costs that petitioner could pass through the gas adjustment clause. Appeal, by permission, from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 8, 1980 in Albany County, which transferred the proceeding to this court pursuant to CPLR 7804 (subd [g]), insofar as the order constitutes a disposition of petitioner's claim that it was not afforded the requisite notice and hearing with respect to the Public Service Commission's determinations. To insure availability of gas for customers in 1972, petitioner National Fuel Gas Distribution Corporation (National) entered into a 10-year contract with intervenor-petitioner Ashland Oil, Inc. (Ashland) for the purchase of synthetic natural gas (SNG). The contract required National to purchase specific minimum quantities and provided for payment by National of 50 cents per 1,000 cubic feet of SNG which it was obligated to, but did not, purchase. By April, 1979, natural gas was readily available at lower costs. National submitted a proposed contract supplement for approval by the respondent Public Service Commission (PSC), which would reduce its quantity obligation but increase the in lieu of purchase payments to $1 per 1,000 cubic feet. In a letter application, dated April 5, 1979, National sought approval to pass this increase on to its customers through the mechanism of a fuel adjustment clause, urging that approval would also eliminate a possible breach of contract action by Ashland, which interpreted the clause to be one for liquidated damages rather than a "take or pay" clause. By coincidence, petitioner was involved in a general rate case at that time. Petitioner's contentions and responses from the PSC were proliferated in exchanges of correspondence. On May 14, 1979, during a hearing in the pending rate case, petitioner's president testified and was examined at length about the proposed contract supplement, market conditions, and financial effects of the requested changes. By stipulation of counsel, the parties agreed that the PSC's determination would be made upon a record consisting of the petition, exhibits, and the president's testimony on May 14. Adhering to its earlier views, the PSC issued an order on July 13, 1979, denying approval of the supplement and limiting payments for SNG not taken to the sum provided in the 1972 contract. It is clear that such action was not in full compliance with the statute (Public Service Law, § 66, subd 12) which required a hearing on any major change in a contract affecting rate or fuel adjustment charges (see *Matter of New York Tel. Co. v Public Serv. Comm.*, 59 AD2d 17). However, on August 24, 1979, upon a petition for reconsideration, the PSC gave formal notice of a special hearing of the commission *en banc* to be held September 4, 1979, "for the specific purpose of hearing from interested parties on the matters raised". Several witnesses testified at the hearing. On September 6, 1979, after the public hearing, the PSC issued the first of two orders. The first order again rejected the increase in the gas adjustment clause and allowed National 30 days to submit a new proposed contract with Ashland. National did submit a second proposed supplement further reducing its minimum purchase quantities. On October 4, 1979, the PSC issued its second order denying approval, essentially affirming the prior order. This order specifically recited the many factors and evidence considered, including hundreds of pages of hearing testimony. A request for a rehearing was denied by order dated November 1, 1979, and the instant CPLR article 78 proceeding was commenced. By order entered August 8, 1980, Special Term transferred the proceeding to this court (CPLR 7804, subd [g]). In addition, by order of this court dated October 20, 1980, petitioner was granted leave to appeal from the order entered August 8, 1980, contending that the order constituted a disposition of its claim that the PSC failed to give the requisite notice and afford a hearing with respect to its determinations. Initially, we hold that this court may properly determine all of the issues present irrespective of whether

transfer by Special Term was correct or not (CPLR 7804, subd [g]; see *Matter of Shurgin v Ambach,* 83 AD2d 665, 666). Since the record is sufficient to dispose of the issues raised, they may be decided as if they have properly come before this court (*Matter of Schechter v New York State Employees' Retirement System,* 62 AD2d 543, affd 46 NY2d 983). In our view, both adequate notice and an opportunity to present all available evidence to sustain its burden of justifying the changes sought (Public Service Law, § 66, subd 12) were given petitioner. That petitioner did not take full advantage of the opportunity to submit additional evidence at the September 4, 1979 hearing neither diminishes nor negates the validity of the hearing and determinations made, as Special Term correctly held. We further hold that the PSC's determinations are supported by substantial evidence and are neither arbitrary nor capricious (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The record includes evidence of market conditions past, present, and future, including the supplies and costs of natural gas compared with SNG. The PSC's interpretation of the 1972 contract (not binding upon Ashland, and subject to judicial determination) and proposed supplements was a proper function, since petitioner sought approval of gas adjustment charges (Public Service Law, § 66, subd 12; § 72). Finally, the PSC's interpretation coincided with petitioner's, and to that end, its November 1, 1979 order denying rehearing recites "[a]nd we stand ready to back up our decision with appropriate ratemaking action should * * * National Fuel become liable for damages". Determinations confirmed, and petition dismissed, with costs. Order entered August 8, 1980, affirmed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.