In the Matter of the CONSUMER PROTECTION BOARD OF THE STATE OF NEW YORK et al., Petitioners, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, March 18, 1982

**APPEARANCES OF COUNSEL**

*Donna Freireich* for New York State Consumer Protection Board, petitioner.

*John C. Gray, Jr.,* and *Samuel H. Liberman,* for Simpson Street Development Association, petitioner.

*David E. Blabey* (*Howard J. Read* of counsel), for Public Service Commission of the State of New York, respondent.

*Kronish, Lieb, Shainswit, Weiner & Hellman* (*Bernard L. Sanoff* of counsel) and *Joy Tannian, Richard W. Babinecz*

and *John D. McMahon* for Consolidated Edison Company of New York, Inc., respondent.

*Gould & Wilkie (Walter A. Bossert, Jr.,* and *Davison W. Grant* of counsel), for Central Hudson Gas & Electric Corporation, respondent.

*Edward M. Barrett* for Long Island Lighting Company, respondent.

*LeBoeuf, Lamb, Leiby & MacRae (Andrew Gansberg* of counsel), for Orange & Rockland Utilities, Inc., respondent.

*Huber, Magill, Lawrence & Farrell (Frederic H. Lawrence* and *Francis I. Fallon* of counsel), for New York State Electric & Gas Corporation, respondent.

*LeBoeuf, Lamb, Leiby & MacRae (Halcyon G. Skinner* of counsel), for Niagara Mohawk Power Corporation, respondent.

*Nixon, Hargrave, Devans & Doyle (Richard N. George* of counsel), for Rochester Gas & Electric Corporation, respondent.

### OPINION OF THE COURT

KANE, J. P.

A fuel adjustment clause, contained in the tariff of each New York State utility, is a provision designed to reflect monthly increases above or decreases below the "base cost" for fuel used by the utility. It operates by means of a formula, included in each company's filed rate schedule, which determines a monthly rate adjustment to the charge for each kilowatt hour of electricity used by a consumer. While such clauses have existed in one form or another since 1917, they have attracted increased attention in recent years as a result of the dramatic rise in the cost of fuel to utilities and the resulting effect of the automatic pass-through of that increase to the consumer through the medium of a fuel adjustment clause.

Thus, the operation of these clauses became a matter of substantial controversy and in February, 1977, the Public Service Commission (commission) established a proceeding to investigate fuel adjustment clauses of electric utilities State wide. Hearings were held, at which the utilities, the

commission staff and other interested parties, including petitioners herein, appeared, participated, and offered extensive evidentiary material directed at the matter under investigation.

The ultimate conclusion of the commission, set forth in a determination dated June 18, 1980, was that the fuel adjustment clause is a legal rate-making device. It further concluded that such clauses were necessary to maintain the financial integrity of utility companies and to establish reasonable rates for consumers. Recognizing that potential problems from the use of a fuel adjustment clause did exist, the commission amended its regulations to require that a utility justify the need to retain such a clause in any major rate proceeding occurring after January 1, 1982, or not less than every four years (16 NYCRR 136.55-136.58). Finally, the commission noted that no workable alternative to a fuel adjustment clause was offered at the hearing.

Petitioners then commenced this proceeding seeking to annul the commission's determination as illegal and unconstitutional, to halt collection of all charges under the fuel adjustment clause, and to refund all amounts collected subsequent to the issuance of the determination here under review.

■ Although Special Term transferred the instant proceeding to this court pursuant to CPLR 7804 (subd [g]), we are of the view that it involves only questions of law which should have been decided by Special Term. However, since the record is sufficient to dispose of the issues raised, they may be decided as if they have properly come before this court (*Matter of Schechter v New York State Employees' Retirement System,* 62 AD2d 543, affd 46 NY2d 983; *Matter of Hogan v Callahan,* 49 AD2d 714).

■ Initially, we note that the statutory framework provided by the Public Service Law is legislative recognition of the broad powers it has given the commission to authorize fuel adjustment clauses (Public Service Law, §§ 66, 72, 72-a). Such clauses do not do violence to the system of fixed rates, as urged by petitioners, since the submission of any proposed fuel adjustment clause must, initially, survive the procedural requirements of subdivision 12 of section 66 of

the Public Service Law, and, once adopted, it is carefully monitored by the commission on a continuing basis. This initial approval, and any subsequent change, are subject to the provisions requiring public notice and hearing as in any rate change and, accordingly, are within the statutory authority of the commission in its determination of a just and reasonable rate (*Matter of Consolidated Edison Co. of N. Y. v Public Serv. Comm. of State of N. Y.*, 74 AD2d 384, app dsmd 51 NY2d 877, mot for lv to app den 51 NY2d 705).

Essentially, the fuel adjustment clause is a fixed rule under which future rates to be charged to the public are determined. It is not retroactive rate-making, since the utilities are not being permitted to recoup past earning deficiencies (*Purcell v New York Cent. R. R. Co.*, 268 NY 164, 169, app dsmd 296 US 545; *City of Norfolk v Virginia Elec. & Power Co.*, 197 Va 505, 515-516).

Finally, we find no merit in petitioners' claim of unconstitutional deprivation of due process of law. Consumers possess only the procedural rights given to them by statute (*Norwegian Nitrogen Prods. Co. v United States*, 288 US 294; *Bi-Metallic Co. v Colorado*, 239 US 441), and as previously demonstrated, the Public Service Law and regulations of the commission fully satisfy all due process requirements (*Bedford Bldg. Co. v Beame*, 38 NY2d 729).

The determination should be confirmed, and the petition dismissed, without costs.

MAIN, MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.