■ In the Matter of BETTY GRAHAM, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Tompkins County) to review a determination of respondent State Commissioner of Social Services which sustained the method of computation of petitioner's public assistance grant.

The issue before us is whether spousal support income received by petitioner from her husband, Dennis Graham, can be considered in computing petitioner's public grant pursuant to the Aid to Families with Dependent Children Program (AFDC) for her three children, who share the surname Owens. Petitioner and a fourth child, Dennice Graham, are not public assistance recipients.

The AFDC award was computed by the Tompkins County Department of Social Services (hereinafter the local agency) pursuant to a procedure set forth in a State Department of Social Services administrative directive, 82 ADM-78. The procedure assessed petitioner's own monthly needs based on a portion of the standard of need of a four-person household, consisting of petitioner and her three children receiving AFDC. Petitioner's monthly needs were determined to be $128.93. The excess of her spousal support of $200 a month was deemed income available to the Owens children. The AFDC grant was computed as follows:

| | |
|---|---|
| Basic Allowance (four persons) | $258.00 |
| HEA (four persons) | 38.70 |
| Shelter (agency maximum for four persons— actual rent is 475.00) | 187.00 |
| Fuel (agency maximum for four persons, gas —12-month basis) | 32.00 |
| Total Needs | $515.00 |
| Income | $200.00* |
| Deficit | $315.00 |
| Ongoing Recoupment | 25.75 |
| Grant | $289.25 |

* At the hearing, the local agency stated that it would begin exempting the first $50 of support received by petitioner retroactive to October 1, 1984, in accordance with administrative directive 84 ADM-43.

Petitioner demanded a fair hearing from respondent State Commissioner of Social Services (Commissioner) to review the determination. The Commissioner held that the local agency properly computed the Owens' income pursuant to 18 NYCRR 352.30 (d) and administrative directive 82 ADM-78.

Petitioner contends that spousal support payments were restricted funds and could not be appropriated by the Commissioner, that a rigid formula should not be applied to determine the Owens grant, that the grant was improperly calculated based on money not available to the Owens children and that respondents violated Federal regulations by assuming that the income of a stepparent is available to meet the needs of stepchildren.

We note initially that the issues in this proceeding do not include a question of substantial evidence. Special Term should have resolved the questions of law. Nonetheless, this court is authorized to review them in the first instance (see, *Matter of Consumer Protection Bd. v Public Serv. Commn.,* 85 AD2d 321, 323, *appeal dismissed* 57 NY2d 673).

We hold that respondents properly computed the AFDC grant. The State of New York, in participating in the Federal AFDC program, is subject to applicable Federal statutes and regulations (*Matter of Lumpkin v Department of Social Servs.,* 45 NY2d 351, 355, *appeal dismissed* 439 US 1040). Federal law provides: "A State plan for aid and services to needy families with children must * * * provide that the State agency—(A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid" (42 USC § 602 [a] [7]). Social Services Law § 349 (c) holds to the same effect. Petitioner, as the mother of the Owens children, is legally responsible for their support (Social Services Law § 101). Petitioner's available income could therefore be considered by the local agency in determining her children's need for aid. The Commissioner's interpretation of "income" in 18 NYCRR 352.30 (d) as including these payments is reasonable and should be upheld. Spousal support to petitioner constitutes income.

We find no merit, as well, in the contention that petitioner's husband is being charged with support of his three stepchil-

dren. Petitioner's husband is not directed by the Commissioner to support anyone, but his support payments to petitioner are income to her and thus a resource to meet her own responsibility to her children.

We find without merit petitioner's contention that the rigid formula used fails to assess her individual financial situation and is thus equally flawed. Petitioner urges that she has no "available income" left to apply to her children's needs after paying her rent, which exceeds the shelter allowance for a household of four. There is no requirement that income be "actually available" in the sense that petitioner suggests in order to be considered in the calculations leading to an AFDC grant. The Court of Appeals has upheld the flat-grant concept *(Matter of Bernstein v Toia,* 43 NY2d 437, 446).

Finally, petitioner's spousal support payment is not restricted income. Although the court order required that payments be made for petitioner's benefit, this does not preclude their use to defray her parental support duties under Social Services Law § 101 *(see, e.g., Matter of Bernstein v Toia, supra).*

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.