In the Matter of IDEAL CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, December 23, 1987

## APPEARANCES OF COUNSEL

*Gordon Hurwitz Butowsky Weitzen Shalov & Wein (Ellis L. Reemer, Madonna M. Malin* and *Dennis M. Bresnan* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioner, a Brooklyn subsidiary of a Cleveland based international manufacturing company, was a participant in a job incentive program established under Commerce Law former article 4-A. The program, created by the Legislature in 1968, was designed to combat unemployment in various parts of the State by offering tax incentives to encourage businesses to establish, remain or expand in those areas. The program was administered by the Job Incentive Board which was composed of, among others, the Commissioners of Commerce and Taxation and Finance. The program was terminated by the Legislature in 1983 (L 1983, ch 15).

The tax incentive mechanism was a credit computed by a formula which included a ratio of "total * * * eligible property" to "all the taxpayer's real and tangible personal property" (Tax Law § 210 [11] [b] [former (1)]). At issue here is whether inventory was properly includable in the term "all the taxpayer's real and tangible personal property".[1] Since that term is the denominator of a fraction, if inventory is included the figure will increase, resulting in a decrease of the amount of credit.

■ For the tax years 1972, 1973 and 1975, petitioner calculated the credit without including inventory as described above, apparently relying on advice of the Job Incentive Board. The Audit Division of the Department of Taxation and Finance issued notices of deficiency for the tax years 1972 and 1973 on October 15, 1976 and for 1975 on March 28, 1979. Petitioner petitioned for a redetermination for the tax years 1972 and 1973. Petitioner did not file such a petition with respect to the 1975 notice of deficiency and, apparently, still has not, maintaining that it never received the notice of deficiency for that tax year. After a hearing, respondent sustained the Audit Division's position that inventory was includable in real and tangible personal property. Respondent also rejected petitioner's estoppel claim based on the advice given by the Job Incentive Board. Respondent expressly limited its decision to the 1972 and 1973 notices of deficiency, holding that since petitioner did not file a petition challenging the 1975 notice of deficiency, it was without jurisdiction to rule on that tax year. Petitioner commenced this CPLR article

---

1. There is no dispute that inventory was not includable in "total eligible property".

78 proceeding challenging the determination, and the proceeding has been transferred to this court.[2]

■ Initially, we agree with respondent that the propriety of the 1975 notice of deficiency is not properly before us. In response to the charge that no petition challenging this notice of deficiency was filed, petitioner contends that it never received the notice of deficiency. Further, petitioner's counsel states that some sort of agreement was reached at the hearing that the 1975 notice of deficiency would be considered and he presents a memorandum from the Hearing Officer supporting such contention. However, this court is bound by the determination under review and the record before the agency. The determination expressly states that respondent made no decision regarding the 1975 notice of deficiency. Nothing in the record speaks to the issue of whether petitioner properly sought review of the 1975 notice of deficiency. Indeed, respondent's decision notes that neither party even raised the issue at the hearing. While it may be true that the substantive issues regarding the 1975 notice of deficiency are identical to those involved in the 1972 and 1973 notices, there is an open question regarding whether petitioner timely and properly sought review of the 1975 notice of deficiency. The actual issues involved in that question must be first addressed to respondent.

■ Turning to the merits, the dispositive issue is whether the Legislature intended that the term "all the taxpayer's real and tangible personal property" includes inventory. Tax Law § 208 (11), which read the same during the relevant tax years as it does now, provides that " 'tangible personal property' means corporeal personal property, such as machinery, tools, implements, goods, wares and merchandise". Clearly, inventory is included in the terms "wares and merchandise". Thus, respondent properly found that inventory was includable in the term "tangible personal property" in the calculation of the credit under Tax Law § 210 (11) (b) (former [1]).

2. [1] The proceeding should not have been transferred to this court. While the determination under review was made as a result of an adjudicatory hearing, the petition does not challenge any of respondent's findings of fact. Rather, the petition challenges a matter of pure statutory interpretation by respondent. Thus, no substantial evidence issue (CPLR 7803 [4]) is raised which would necessitate transfer to this court (see, Harris v Lavine, 43 AD2d 894). However, since the record is sufficient to determine the legal issues, we will retain the proceeding (see, CPLR 7804 [g]; Matter of Consumer Protection Bd. v Public Serv. Commn., 85 AD2d 321, 323, appeal dismissed 57 NY2d 673).

Petitioner suggests that the fact that the statute was amended in 1976 to specifically exclude inventory from the calculation is indicative that the Legislature had always intended that inventory be excluded. However, it can equally be inferred that the Legislature simply effected a change in the statute. Memoranda contemporaneous with the 1976 amendment are inconclusive since it is apparent that, even then, there was debate over whether inventory was intended to be included. Thus, there is no reason to depart from the clear import of the statute that inventory was to be included.

■ Finally, we reject petitioner's contention that respondent should be estopped from ruling as it did because of contrary advice given to petitioner by the Job Incentive Board. While the Job Incentive Board had the responsibility for passing on eligibility for tax credits, interpretation of provisions of the Tax Law is for respondent. It is also apparent that the Job Incentive Board and the Department of Taxation and Finance had been at odds for some time over whether inventory should be included in computation of the credit. The simple declaration by the Job Incentive Board of its position on the issue cannot bind respondent, which is charged with the ultimate responsibility for interpreting the statute.

MAIN, CASEY, WEISS and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.