■ In the Matter of DUBB ENTERPRISES, INC., Doing Business as HARVEY'S OFF THE BOULEVARD, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.—Levine, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Liquor Authority which, *inter alia,* suspended petitioner's liquor license.

Petitioner operates a two-story establishment in the City of Schenectady, Schenectady County, which contains a bar on each floor. In November 1990, an investigator from respondent State Liquor Authority (hereinafter respondent) and a City of Schenectady police officer allegedly witnessed two patrons purchase alcoholic beverages from the bartender behind the second-floor bar which, unlike the first-floor bar, did not have a displayed license certificate indicating that the bar was licensed as a stand-up bar. Respondent's investigator took the position that only licensed stand-up bars are authorized to sell alcohol directly to patrons under Alcoholic Beverage Control Law § 100 (4).

Based on the foregoing, respondent initiated a proceeding seeking to suspend or revoke petitioner's license on charges that, *inter alia,* petitioner had operated more than one stand-up bar without respondent's authorization in violation of Alcoholic Beverage Control Law § 100 (4).* Petitioner maintained that it was not guilty of violating Alcoholic Beverage Control Law § 100 (4) because the second-floor bar was a

---

* Petitioner was also charged with making its license available to an unauthorized person in violation of Alcoholic Beverage Control Law § 111. This charge, which was apparently a technical violation resulting from a change in petitioner's trade name, was not contested by petitioner.

service bar rather than a stand-up bar and, thus, did not require a license.

Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the violation, concluding that petitioner did not have a license for the second-floor bar and that a license was statutorily required in order to sell alcoholic beverages directly to patrons for consumption within the premises. Respondent adopted the ALJ's findings and imposed a 10-day suspension of petitioner's liquor license, a $1,000 bond claim and ordered petitioner to apply for an additional stand-up bar license within 30 days. Petitioner's subsequent request for reconsideration of the order directing it to obtain an additional license was granted, but respondent adhered to its original decision. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court transferred the proceeding to this Court and stayed enforcement of the penalty pending review.

Initially, we note that the instant matter does not involve a substantial evidence question, but primarily a question of whether respondent's determination was affected by error of law. Therefore, this proceeding was improperly transferred to this Court by Supreme Court *(see,* CPLR 7804 [g]; 7803 [4]; *Matter of Ideal Corp. v New York State Tax Commn.,* 132 AD2d 419, 422, n 2, *lv denied* 71 NY2d 804). Nevertheless, we will retain the proceeding in the interest of judicial economy, as the record is sufficient to determine the issues raised *(see, Matter of City School Dist. v New York State Pub. Empl. Relations Bd.,* 144 AD2d 35, 37, *affd* 74 NY2d 395; *Matter of Consumer Protection Bd. v Public Serv. Commn.,* 85 AD2d 321, 323, *appeal dismissed* 57 NY2d 673).

Petitioner's main contention in this proceeding is that, because there is no rule or regulation on file with the Department of State describing a distinction between service and stand-up bars and the manner in which they are to be operated *(see,* NY Const, art IV, § 8), it cannot be held to have violated Alcoholic Beverage Control Law § 100 (4) (citing *People v Cull,* 10 NY2d 123). We disagree. Alcoholic Beverage Control Law § 100 (4) provides in relevant part: "Alcoholic beverages may be sold to be consumed on the premises at a bar, counter or similar contrivance. Only one such bar, counter or contrivance shall be permitted in any licensed premises, except that not more than two additional bars, counters or contrivances may be permitted by [respondent] for good cause shown to it, and upon the payment to it of a fee,

for each additional bar, equivalent to the amount of the annual license fee paid by the licensee".

Respondent interprets the foregoing provision as permitting the operation of no more than one stand-up bar (i.e., a bar from which patrons may directly purchase alcoholic beverages for consumption) per licensed premises in the absence of authorization and the payment of an additional fee. Where a license has been obtained for a stand-up bar, however, no license is required for an additional service bar (i.e., a bar where alcoholic beverages are prepared for service to patrons seated at tables or food counters in other areas of the licensed premises). The statutory violation found by respondent was based on petitioner's service of two patrons from its second-floor service bar, which constituted an unauthorized operation of a second stand-up bar. In our view, this determination was based on a reasonable interpretation of the statute and did not involve application of a fixed, general rule or principle without regard to other facts and circumstances relevant to the statutory framework (see, Matter of Roman Catholic Diocese v New York State Dept. of Health, 109 AD2d 140, 147 [dissenting opn], revd on dissenting opn below 66 NY2d 948, 951). The statutory authorization in Alcoholic Beverage Control Law § 100 (4) for sale of alcoholic beverages "to be consumed on the premises at a bar" (emphasis supplied), and the section's limitation of only "one such bar" (emphasis supplied) in any licensed premises in the absence of special permission and the payment of an additional fee, supports respondent's distinction between a stand-up bar and a service bar. Thus, this is a case of an administrative agency establishing a guideline, consistent with the statutory framework, for a case-by-case analysis of the facts (see, Matter of Roman Catholic Diocese v New York State Dept. of Health, supra, at 148). Accordingly, we reject petitioner's assertion that the lack of any filed rule or regulation warrants dismissal of the charge against it.

We agree, however, that the penalty imposed by respondent is excessive to the extent that it requires petitioner to apply for an additional stand-up bar license. There is nothing in the record to indicate that the sale upon which petitioner's violation was based was anything other than an isolated incident or that petitioner intends in the future to sell alcoholic beverages directly to patrons from the second-floor bar. Further, according to respondent's own interpretation of Alcoholic Beverage Control Law § 100 (4), there is no requirement that a separate license be obtained for a service bar contained in

premises with a valid stand-up bar license. Finally, respondent cites to no statutory authority supporting the imposition of a penalty which, in effect, results in petitioner having to incur a significant additional annual business expense indefinitely. Respondent's attempt to justify the penalty by reliance on certain of petitioner's prior unrelated violations is unavailing. Under these circumstances, we find that the portion of the penalty directing petitioner to obtain an additional license within 30 days is without statutory authority (see, Alcoholic Beverage Control Law § 17) and so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 229; Matter of Squire's E. v State Liq. Auth., 42 AD2d 649, 650). Therefore, modification of the penalty is warranted. The resolution of this issue obviates the need to discuss petitioner's contention that estoppel should be applied against respondent.

Mercure, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as directed petitioner to obtain an additional license within 30 days of the determination, and, as so modified, confirmed.