In the Matter of CVS DISCOUNT LIQUOR, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [616 NYS2d 752] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated August 12, 1992, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 102 (3-b) and suspended the petitioner's liquor license for 60 days and imposed a $1,000 bond claim.

Adjudged that the petition is granted, the determination is annulled, on the law, without costs or disbursements, and the charge is dismissed.

In September 1991 the New York State Liquor Authority (hereinafter the Authority), commenced a proceeding to revoke the off-premises liquor license of the petitioner, CVS Discount Liquor, Inc. (hereinafter CVS). The Authority charged that on July 27, 1991, CVS violated Alcoholic Beverage Control Law § 102 (3-b) by purchasing and/or receiving alcoholic beverages for resale from Henry Street Liquors Inc., another retail licensee not duly licensed to sell alcoholic beverages for resale. The Authority also charged Henry Street Liquors with improperly selling alcoholic beverages to the petitioner. The hearings for both of these matters were consolidated.

At the hearing, it was established that on the date in question, an independent truck driver delivered numerous cases of liquor to CVS. This driver testified that he picked up the cases of liquor from a warehouse and then delivered them to CVS. The manager of CVS testified that she had previously purchased this liquor from several distributors and stored it in

the warehouse until she needed it. After the hearing, the Administrative Law Judge (hereinafter ALJ) found that the evidence was insufficient to establish the source of these cases of alcoholic beverages and therefore, dismissed the charges against Henry Street Liquors. However, the ALJ sustained the charges against CVS finding that CVS received alcoholic beverages from a person, the driver of the delivery truck, who was not duly licensed to sell such beverages. The Authority adopted these findings and sustained the charge against CVS. CVS then commenced this CPLR article 78 proceeding seeking to annul the Authority's determination. The Supreme Court transferred the proceeding to this Court and stayed enforcement of the penalty pending judicial review.

Initially, we note that the instant matter does not involve a substantial evidence question, but primarily a question of whether the Authority's determination was affected by error of law. Therefore, this proceeding was improperly transferred to this Court by the Supreme Court (see, CPLR 7804 [g]; 7803 [4]; *Matter of Dubb Enters. v New York State Liq. Auth.,* 187 AD2d 831). Nevertheless, we will retain the proceeding in the interest of judicial economy, as the record is sufficient to determine the issues raised.

The main contention of CVS in this proceeding is that the Authority's interpretation of Alcoholic Beverage Control Law § 102 (3-b) is unreasonable and irrational. Alcoholic Beverage Control Law § 102 (3-b) provides: "No retail licensee shall purchase, agree to purchase or receive any alcoholic beverage except from a person duly licensed within the state by the liquor authority to sell such alcoholic beverage at the time of such agreement and sale to such retail licensee". In his Findings of Fact and Conclusions of Law, the ALJ held that "[Alcoholic Beverage Control Law §] 102.3-b does not require that the liquor must have been actually sold by the person from whom it was received to constitute a violation, only that the person from whom it was received was not duly licensed to sell it. The driver was not such a person, and CVS did receive liquor from him".

It is well settled that a reviewing court will uphold the interpretation of a statute by the agency responsible for its administration if such interpretation is reasonable (see, *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Dubb Enters. v New York State Liq. Auth., supra,* at 833). In the case at bar, the ALJ's interpretation of the statute was unreasonable.

Although Alcoholic Beverage Control Law § 102 (3-b) pro-

vides that "[n]o retail licensee shall purchase, agree to purchase or *receive* any alcoholic beverage" (emphasis supplied) from a person not duly licensed by the State to sell alcoholic beverage (implying perhaps that a sale is not necessary), the statute qualifies this statement by providing that the receipt of the alcoholic beverages occur "at the time of such agreement and sale to such retail licensee". This second phrase demonstrates that the statute pertains only to the sale of liquor and not to the simple delivery of alcoholic beverages *(see generally, Matter of Astrab v O'Connell,* 274 App Div 997; *Verna v Tunick,* 294 NY 763; *Matter of 89-52 Rest. v State Liq. Auth.,* 47 AD2d 671). If the ALJ's interpretation of the statute was correct, then all deliveries made by independent drivers to retailers on behalf of licensed wholesalers would violate Alcoholic Beverage Control Law § 102 (3-b). This result clearly was not intended by the Legislature. Furthermore, we note that there are separate sections of the Alcoholic Beverage Control Law which relate to the delivery (not the sale) of alcoholic beverages *(see,* Alcoholic Beverage Control Law § 105 [8], [9]; § 116).

Accordingly, because the ALJ's entire decision is based on the incorrect conclusion that CVS improperly received the alcoholic beverages from the driver of the van who was not duly licensed to sell alcoholic beverages, the petition must be granted and the charge against CVS dismissed. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.