■ In the Matter of Roy W. Secord, III, Appellant, v Gennaro Fischetti, as Chair of the New York State Crime Victims Board, Respondent. [653 NYS2d 551] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered December 29, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner's claim for loss of support under Executive Law article 22, and dismissed the petition, unanimously affirmed, without costs.

Respondent's interpretation of the term "surviving spouse" in Executive Law § 624 (1) (b) as not extending to homosexual life partners was not unreasonable and was consistent with prior judicial interpretations of that term (see, Matter of Cooper, 187 AD2d 128, appeal dismissed 82 NY2d 801). Concerning petitioner's claim for principal support under Executive Law § 624 (1) (c), respondent found that the total household income for the three-year period preceding the victim's death was $91,400; that each of the two members was supported in the amount of $45,700 over that period; and that since petitioner's income for that period was $31,000, the majority of his support was derived from his own income. Similarly, with respect to the victim's support of petitioner immediately prior to the victim's death, the victim was earning $398 a week and petitioner $200 a week, again resulting in a finding that petitioner did not receive a majority of his support from the victim. We disagree with petitioner that these findings were made by application of a fixed, general rule required to be filed with the Secretary of State under State Administrative Procedure Act §§ 202 and 203, as opposed to "a guideline, consistent with the statutory framework, for a case-by-case analysis of the facts" (Matter of Dubb Enters. v New York State Liq. Auth., 187 AD2d 831, 833). Nor were there any other circumstances in this particular case that might have justified an award in petitioner's favor. Concur—Murphy, P. J., Wallach, Nardelli and Williams, JJ.