In the Matter of MARY A. CAPONE, Petitioner, v BOARD OF EDUCATION OF LAFAYETTE CENTRAL SCHOOL DISTRICT, Respondent. [697 NYS2d 895] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding transferred to us pursuant to CPLR 7804 (g) petitioner challenges a determination by respondent denying her retroactive retirement benefits under Retirement and Social Security Law § 803. Although the determination was reached after a hearing, the case should not have been transferred because the hearing was not required by law (*see,* CPLR 7804 [g]; 7803 [4]; Retirement and Social Security Law § 803). In the interest of judicial economy, however, we nonetheless consider the merits (*see, Matter of Moulden v Coughlin,* 210 AD2d 997).

Petitioner met her initial burden by providing "some evidence of [her] entitlement to retroactive eligibility", i.e., that she did not participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision whether to join a public retirement system (*Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 677). We conclude, however, that respondent's denial of retroactive membership was not arbitrary or capricious (see, *Matter of Scanlan v Buffalo Pub. School Sys., supra,* at 678). Before taking time off to raise a family, petitioner was a full-time member of the New York State Teachers' Retirement System (Teachers' Retirement System). When she returned to work as a school nurse, she received documents concerning membership in the Teachers' Retirement System and the New York State Employees' Retirement System. As a nurse she was eligible to join a public retirement system other than the Teachers' Retirement System. Those documents, together with past membership in a public retirement system, would have been viewed by a reasonable person as a request to join a public retirement system upon reemployment. Thus, respondent had a rational basis for denying retroactive membership (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra,* at 680).

We reject the further contention that the court abused its discretion in permitting late service of an answer and denying petitioner's motion for a default judgment. Respondent established a meritorious defense, absence of prejudice to petitioner, and a reasonable excuse for its delay (*see, Cleary v East Syracuse-Minoa Cent. School Dist.,* 248 AD2d 1005). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Tormey, III, J.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.