■ In the Matter of MARY J. TAMULINAS, Petitioner, and PATRICE FELDMAN, Respondent, v BOARD OF EDUCATION OF JERICHO UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Respondents. [719 NYS2d 660] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Jericho Union Free School District, dated June 4, 1996, which found that the petitioner Patrice Feldman was not eligible for retroactive membership in the New York State Teachers' Retirement System, the appeal is from a judgment of the Supreme Court, Nassau County (Davis, J.), entered December 23, 1999, which granted the petition insofar as asserted on behalf of the petitioner Patrice Feldman and annulled the determination with regard to her.

Ordered that the judgment is affirmed, with costs.

The petitioner Patrice Feldman was a full-time teacher in the New York City school system from 1953 to 1958 during which time she was a member of the New York City Teachers' Retirement System (hereinafter the NYCTRS). In 1958 she went on leave and withdrew from membership in the NYCTRS. In 1971 she was hired by the appellant Board of Education of Jericho Union Free School District (hereinafter the School District) as a part-time substitute teacher and was eligible for optional membership in the New York State Teachers' Retirement System (hereinafter the TRS), but did not join. She subsequently joined TRS in 1976 when she was hired by another school district.

After the Legislature enacted Retirement and Social Security Law § 803, Feldman sought to obtain retroactive membership in the TRS. The School District denied her request for an affidavit attesting to her eligibility because she had "participate[d] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). No procedure, however, was specifically identified.

A meeting was subsequently held to review Feldman's eligibility for retroactive membership. At the meeting, Feldman produced the substitute teacher form she completed for the 1971-1972 school year which asked, among other questions, whether she was presently a member of the TRS. She completed similar forms in subsequent years. Feldman also produced her 1978-1979 form, which not only asked if she was presently a member, but also, if not, whether she wished to become a member. She introduced the forms to demonstrate that, by 1978-1979, the School District had implemented a procedure to inform part-time substitute teachers of their right to join the TRS, but that such a procedure did not exist when she was hired. Moreover, Feldman stated that when she was hired, she asked two specifically-identified School District employees if she could join the TRS and she was told that only full-time teachers were eligible.

The School District subsequently denied Feldman retroactive eligibility "for the reasons set forth * * * previously." Feldman, together with another teacher, then commenced this proceeding. After the other petitioner discontinued her claim, the Supreme Court granted the petition insofar as asserted by Feldman and annulled the School District's determination.

We agree with the Supreme Court that the School District's

determination must be annulled. While Feldman's prior membership in a public retirement system and her completion of the substitute teacher forms would otherwise be sufficient to establish that she participated in a procedure that a reasonable person would recognize as a request to join the TRS (*see, Matter of Clark v Board of Educ.*, 90 NY2d 662; *Matter of Goldstein v Jericho Union Free School Dist.*, 245 AD2d 373), in this case, she was specifically misinformed that she was not eligible to join the TRS. Under such circumstances, the substitute teacher forms, even coupled with knowledge of the benefits of a public retirement system, would not alert a reasonable person that he or she had the right to join the TRS. Consequently, reliance on the forms in this case was arbitrary and capricious. We also note that, in its determination, the School District did not identify the substitute teacher forms as the procedure by which teachers were advised of the option to join the TRS (*cf., Matter of Clark v Board of Educ., supra*, at 675), although it did indicate that its decision was based on the information provided at the meeting and documents contained in Feldman's personnel file.

Finally, we have not considered the additional ground belatedly asserted by the School District in the affidavit submitted in opposition to the petition as justification for the determination. Judicial review of an administrative determination is limited to the ground invoked by the administrative body at the time of the decision (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758-759). Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.