■ In the Matter of JEAN MICALLEF, Petitioner, v BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT et al., Respondents. [785 NYS2d 706]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus, to compel the Board of Education of the Ossining Union Free School District to file an affidavit stating that the petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System pursuant to Retirement and Social Security Law § 803.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

Preliminarily, we note that where, as here, the administrative agency was not required by law to conduct a hearing (*see* Retirement and Social Security Law § 803 [b] [3]), the proceeding should not have been transferred to this Court pursuant to CPLR 7804 (g) (*see Matter of Capone v Board of Educ. of Lafayette Cent. School Dist.*, 266 AD2d 879 [1999]). Nevertheless, we consider the merits in the interest of judicial economy (*see id.; Matter of Moulden v Coughlin*, 210 AD2d 997 [1994]; *Matter of CVS Discount Liq. v New York State Liq. Auth.*, 207 AD2d 891, 892 [1994]; *Matter of Dubb Enters. v New York State Liq. Auth.*, 187 AD2d 831, 832 [1992]).

At the time she first became eligible to join the New York State Teachers' Retirement System (hereinafter the NYSTRS), the petitioner participated in a procedure that a reasonable person would recognize as a request to join the NYSTRS (*see* Retirement and Social Security Law § 803 [b] [3] [iii]; *Matter of Clark v Board of Educ. for Kingston City School Dist.*, 90 NY2d 662 [1997]; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 863 [1998]; *Matter of Lovett v Manhasset Pub. Schools*, 245 AD2d 455 [1997]; *Matter of Goldstein v Jericho Union Free School Dist.*, 245 AD2d 373 [1997]; *cf. Matter of Tamulinas v Board of Educ. of Jericho Union Free School Dist.*, 279 AD2d 527 [2001]). S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.