■ In the Matter of CORINNE BRIGGS et al., as Trustees of the Village of Monticello, Appellants, v LOUIS HARMIN, as Mayor of the Village of Monticello, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered May 27, 1982 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel the inclusion of certain items on the agenda for the next regular meeting of the Board of Trustees of the Village of Monticello. This proceeding is a dispute between respondent Louis Harmin, Mayor of the Village of Monticello, and petitioners, three of the village's trustees. It involves the fundamental question of whether the village's board of trustees has the sole authority to appoint persons to fill the positions of village clerk, village treasurer and village attorney or whether such authority rests with the Mayor subject to approval by the village board. The situation came to a head at the annual reorganizational meeting of the board, on April 5, 1982, when the Mayor circulated an agenda for the meeting which contained certain designations for appointments and specifically stated that the positions of village clerk and village treasurer were to be filled by appointment by the Mayor with the approval of the board. Trustee Corinne Briggs then proposed an amendment to the agenda providing that the positions of village attorney, village clerk and village treasurer were to be appointed by the board, pursuant to the village

manager form of government (former Village Law, § 373) which the village had adopted in 1954, and she additionally proposed a resolution that one Michael Davidoff be appointed village attorney since the Mayor's agenda contained no provision for any appointment to that position. After the Mayor refused to amend the agenda, the meeting proceeded with the Mayor's nominee for village clerk being rejected by the board and his nominee for village treasurer receiving unanimous board approval. According to the Mayor, the village attorney position was not vacant because the person then serving in that post had neither resigned nor been removed by the Mayor. As a result, no appointment for that position was made at the meeting. With these circumstances prevailing, petitioners commenced the instant CPLR article 78 proceeding wherein they seek an order (1) directing the Mayor to include on the agenda for the next regular meeting of the board a provision that the positions of village attorney, village clerk and village treasurer be filled by appointment by the board, and (2) prohibiting the person presently serving as village attorney from acting in that capacity and receiving any compensation therefor. Special Term dismissed their petition and the present appeal ensued. We hold that the challenged order should be affirmed and, in so ruling, emphasize that section 4-400 (subd 1, par c) of the current Village Law plainly authorizes the Mayor to appoint the village attorney, the village clerk and the village treasurer subject to the approval of the board. This is a general statute which should be applied uniformly to all villages absent a validly enacted local law to the contrary, which we do not have here. Moreover, although section 23-2202 of the current Village Law concededly serves to preserve the village manager form of government as adopted by the village in 1954, it clearly does not constitute a valid basis pursuant to which the board may continue to exercise its prior authority under sections 89 and 4-406 of the former Village Law to make the appointments at issue. These latter statutes were obviously superseded by section 4-400 (subd 1, par c) of the current Village Law, which is controlling here, and have no effect on the village manager form of government since the subject appointments were never managerial functions. Accordingly, the petition was properly dismissed. Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.