# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

260

TP 10-02213

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF COMEDY PLAYHOUSE, LLC,
PETITIONER,

V                                                  MEMORANDUM AND ORDER

NEW YORK STATE LIQUOR AUTHORITY, RESPONDENT.

---

MCCLUSKY LAW FIRM, LLC, ADAMS (JAMES P. MCCLUSKY OF COUNSEL), FOR PETITIONER.

JEAN MARIE CHO, NEW YORK STATE LIQUOR AUTHORITY, ALBANY (MARK D. FRERING OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [Hugh A. Gilbert, J.], entered October 7, 2010) to review a determination of respondent. The determination sustained a charge that petitioner had violated Alcoholic Beverage Control Law § 128 and imposed a civil penalty.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted and the charge against petitioner is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that it violated Alcoholic Beverage Control Law § 128. Although this proceeding was improperly transferred to this Court pursuant to CPLR 7804 (g) because no substantial evidence question is raised herein, we nevertheless consider the merits in the interest of judicial economy (see *Matter of La Rocco v Goord*, 19 AD3d 1073; *Matter of CVS Discount Liq. v New York State Liq. Auth.*, 207 AD2d 891, 892).

Petitioner is owned and operated by Michael Kinnie, who holds a license from respondent for the sale of liquor on petitioner's premises in the Village of Sackets Harbor (Village). Approximately three months after Kinnie was elected mayor of the Village, respondent charged petitioner with violating Alcoholic Beverage Control Law § 128, alleging that Kinnie was "assigned duties directly relating to the operation or management of the police department" in contravention of the statute. After a hearing, the Administrative Law Judge (ALJ) concluded that respondent failed to sustain the charge. Respondent directed a review of the ALJ's findings and alternate findings were

issued.  The "reviewer" for respondent concluded, inter alia, that Alcoholic Beverage Control Law § 128 (2) precluded Kinnie from holding a liquor license because his duties included the operation or management of the police department.  Respondent adopted the alternate findings, sustained the charge against petitioner and imposed a civil penalty of $5,000.

We agree with petitioner that respondent's determination conflicts with the clear language of Alcoholic Beverage Control Law § 128 (*see generally Matter of Destiny USA Dev., LLC v New York State Dept. of Envtl. Conservation*, 63 AD3d 1568, 1569, *lv denied* 14 NY3d 703).  Pursuant to that statute, "it shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages" (§ 128 [1]).  The statute further provides that "[n]o elective village officer shall be subject to the limitations set forth in subdivision one of . . . section [128] unless such elective village officer shall be assigned duties directly relating to the operation or management of the police department" (§ 128 [2]).  Here, respondent determined that Kinnie was in violation of section 128 (2) because his duties as Village Mayor included the operation and management of the police department.  That was error.  The relevant question is whether Kinnie, as the Village Mayor, falls within the class of persons set forth in Alcoholic Beverage Control Law § 128 (1), i.e., whether he is a "police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the state . . . ."  We conclude that he does not fall within that class of persons.

In support of its determination, respondent relied upon Village Law former § 188, pursuant to which "[t]he mayor [of a village was an] . . . ex officio member[] of the police department[] and [had] all the powers conferred upon policemen by [former] article [seven of the Village Law]" (*see Harrell v Goldin*, 124 NYS2d 627, 629-630; 1970 Ops Atty Gen 8).  When the Village Law was recodified in 1972, however, the Legislature repealed section 188 and enacted, inter alia, section 4-400 (*see* L 1972, ch 892, §§ 1, 3).  Pursuant to the recodified Village Law, the village mayor is no longer an ex officio member of the police department nor vested with all the powers conferred upon the police (*see* § 4-400; *see also* 1974 Ops Atty Gen 7).

Indeed, in 1974, shortly after the recodification of the Village Law, the Attorney General opined that a village mayor, if otherwise qualified, was eligible to hold a liquor license (*see* 1974 Ops Atty Gen 7).  The Attorney General reasoned that the newly-amended Village Law "removed all police status from the mayor . . . of a village" and that the "administrative responsibilities" set forth in Village Law § 4-400 (1) (b) and (e) did not "fall within the purview of Alcoholic Beverage Control Law[] § 128" (*id.* at 8).  We find that reasoning persuasive, particularly in light of the fact that it was "a contemporaneous interpretation" of the newly-enacted provisions of the

Village Law (*Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 158).  We thus conclude that Kinnie was not a "police commissioner . . . or other police official" within the meaning of Alcoholic Beverage Control Law § 128 (1) and that he therefore was not prohibited from holding a liquor license while serving as Village Mayor (*see* 1974 Ops Atty Gen 7).

We therefore annul the determination, grant the petition and dismiss the charge against petitioner.  In light of our conclusion, we need not address petitioner's further contention that the civil penalty is shocking to one's sense of fairness.

Entered:  April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court