OPINION OF THE COURT
Daniel R. Palmieri, J.
This motion for a preliminary injunction and for related relief is granted as set forth in this order.
The motion to dismiss made by Steven Leventhal and Leventhal, Cursio, Mullaney & Blinkoff, LLP is granted to the limited extent that so much of this action/proceeding that is brought derivatively on behalf of the Incorporated Village of Manorhaven is dismissed, but the Village shall be added as an additional party defendant/respondent. The motion is otherwise denied.
Although brought solely as a CPLR article 78 proceeding, this is, in effect, a hybrid declaratory judgment action and special proceeding sounding in prohibition pursuant to CPLR *438 7803 (2).[1] Petitioner Giovanna Giunta, Mayor of the Village, seeks an order and judgment invalidating the dismissal of James E. Toner, Esq., as Village Attorney by the named respondent Trustees of the Village, and the subsequent hiring by these respondents of the respondent Steven Leventhal and Leventhal, Cursio, Mullaney & Blinkoff, LLP (Leventhal and the Leventhal firm, jointly Leventhal defendants) as such Village Attorney. She seeks (1) a declaration that these acts were prohibited under the Village Law, and that a conflict of interest exists between the Leventhal defendants and the Village, (2) a permanent injunction against Leventhal and the Leventhal firm from holding themselves out or acting in any capacity as Village Attorney, and (3) an order directing the Leventhal defendants to notify all those with whom they have interacted as Village Attorney that they are enjoined from acting in that capacity.[2]
For the reasons stated in the related decision in Incorporated Vil. of Manorhaven v Toner (51 Misc 3d 545 [Sup Ct, Nassau County 2016]), decided simultaneously herewith and incorporated by reference herein, the court finds that petitioner has made the necessary showings for the relief requested on this motion.
The motion to dismiss is granted to the limited extent that any derivative claim on behalf of the Village is dismissed, but the Village shall be added as a party defendant/respondent.
As this is, as noted, a hybrid action/proceeding, the court disagrees with the Leventhal defendants that no claim is stated against them because they are not proper parties in an article 78 proceeding. Moreover, CPLR 7802 (a) provides that a “body or officer” against whom such a proceeding may be brought includes persons “whose action may be affected by a proceeding under this article.” Given the nature of the injunction sought, the Leventhal defendants are proper parties even as respondents in the context of an article 78 proceeding.
The court does agree with the Leventhal defendants that only the Board of Trustees has the power to initiate a civil action on behalf of the Village (Village Law §§ 4-400 [1] [d]; 4-412 *439 [1] [a]), and there is no provision cited that would supersede this statute. It therefore agrees that a derivative claim by the Mayor on behalf of the Village is improper. However, this is not a sufficient ground for dismissal. The Village is clearly a party which will be affected by the outcome of this case, and as with any party which should be a party but will not of its own accord be added as a plaintiff/petitioner,[3] the Village should be added as a party defendant/respondent. (CPLR 1001 [a].) The court thus directs the Village to be added as an additional party defendant/respondent, and will not dismiss the action/ proceeding on the basis of a misjoinder. (CPLR 1003.)
The Mayor also has sued in her own name individually, and given the allegations made has the power to do so as a resident and taxpayer to enjoin an alleged illegal act of the defendant/respondent Trustees pursuant to General Municipal Law § 51. (See Long Is. Pine Barrens Socy., Inc. v County of Suffolk, 122 AD3d 688, 690 [2d Dept 2014].) Further, a declaratory judgment may be sought to test the power of public officials to act. (See Skelos v Paterson, 13 NY3d 141 [2009].) The court thus also finds that as Mayor she may seek a declaration to assert the power of her office and the lack of power of the Board of Trustees regarding the appointment of the Village Attorney. (Id.) For these reasons the court disagrees with the Leventhal defendants that Mayor Giunta lacks standing to prosecute this action/proceeding in either capacity.
Finally, the court denies dismissal of the claim asserting the alleged conflict of interest of the Leventhal defendants in acting as Village Attorney, as a matter of pleading only. (See e.g. Guggenheimer v Ginzburg, 43 NY2d 268, 274 [1977].) It is unnecessary for the court to pass on the issue as a basis for the grant of relief to the plaintiff/petitioner on her motion, which is made based on the statutory power of the Mayor as set forth in the Toner decision.
In sum, and in accord with the above and the discussion in the Toner matter, a preliminary injunction is granted and Leventhal and the Leventhal firm are enjoined from holding themselves out and/or acting in any capacity as the Village Attorney for the Village pending a final judgment in this action/ proceeding. Within 15 days of this decision and order they shall notify in writing all those persons or entities which whom *440 they have interacted in the capacity of Village Attorney that they are enjoined from acting or holding themselves out as such Village Attorney pending a final judgment in this action/ proceeding, which notice shall include service of a copy of this present decision and order.
As the Mayor acts, in part, individually, a bond is required pursuant to General Municipal Law § 51, and the court sets such a bond in the amount of $2,500. The bond shall be presented for approval to this court within 30 days of the date of this order, and shall apply to the Mayor individually only. However, as no bond is required to the extent she acts in her official capacity (CPLR 2512), the injunction shall take effect immediately.
All contentions not specifically discussed are found to be without merit, and all requests for relief not addressed are denied.

. Given the nature of this action/proceeding, the caption shall be amended to read “Plaintiff/Petitioner” and “Defendants/Respondents,” respectively.

. Although found in the order to show cause and not repeated at the conclusion of the petition, the court deems such prayers for relief to be part of such petition.

. Obviously the case here, as the majority members of the Board of Trustees, named here as defendants/respondents, would have to make that decision.