OPINION OF THE COURT
Daniel R. Palmieri, J.
The plaintiffs motion for a preliminary injunction enjoining defendant from holding himself out or acting as Village Attorney in any capacity, and pursuant to Public Officers Law § 80 directing defendant to deliver to plaintiff all money and property belonging to the plaintiff or pertaining to plaintiffs affairs, is denied.
The defendant’s motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is deemed directed to the amended complaint and is granted.
This is an action for declaratory and related relief concerning certain actions taken by the Board of Trustees of the plaintiff Incorporated Village of Manorhaven. A related action has been commenced by Mayor Giovanna Giunta to invalidate those actions. (Matter of Giunta v Avena, 51 Misc 3d 436 [Sup Ct, Nassau County 2016].) Motions for a preliminary injunction made by her in that action and for dismissal by the defendants/respondents are decided simultaneously herewith.
On July 7, 2014, the Board had voted in favor of a motion made by the Mayor to appoint defendant James E. Toner, Esq., as the Village Attorney for a term of two years, for certain monthly compensation, commencing that date.
However, on August 20, 2015 the Board met and by a three to two vote adopted a resolution terminating Toner as Village Attorney. It then appointed the firm of Leventhal, Cursio, Mullaney and Blinkoff in his place and stead, and to pay Toner for work performed prior to the termination. Both Toner and Steven G. Leventhal, a member of the firm, were present. The *547 motion was made by Trustee Priscilla Von Roeschlaub, and the Mayor opposed and voted against it, stating that she objected to having Mr. Leventhal serve as her attorney. While stating his own objection, Toner left the dais, on which he had been seated with the Board, after the vote.
On August 31, 2015, Leventhal sent a letter to Toner memorializing the results of the meeting and requesting a turnover of all property belonging to the Village, including legal files. By return letter that same day, Toner refused and responded that the Board’s action was void. He repeated that position to Jeffrey Blinkoff, Esq., of the Leventhal firm by email sent September 4, 2015. Upon presentation of an order to show cause in the Giunta matter, this court temporarily reinstated Toner as Village Attorney pending the outcome of the dueling motions for preliminary injunctions.
In its initial papers, and as a factual foundation, plaintiff here relies solely on action of the Board and its power to act. The court notes at this juncture that it has considered all papers submitted by the plaintiff, including Leventhal’s affirmation, but does not thereby endorse the Leventhal firm as Village Attorney, notwithstanding its representation of plaintiff for purposes of this present application. However, it will not refuse to hear the plaintiff’s application, even though an action or proceeding by a village is to be instituted by the mayor (Village Law § 4-400 [1] [d]), at the direction of the board (id.), as the Mayor’s refusal and conflict of interest in so refusing is obvious. Finally, neither party contends that there are any superseding provisions in the Code of the Village of Manorhaven such that the Village Law would not control the issues brought before the court, both here and in Giunta. This case, as well as Giunta, will therefore be decided under the Village Law.
In opposition to this present application, defendant asserts that his appointment was by the Mayor in accord with Village Law § 4-400 (1) (c), and approved by the Board, and the Board’s action terminating his services, which the Mayor has refused to recognize, was illegal under the Village Law. He cites in support of this position 1974 and 1979 opinions of the Attorney General, who, upon presentation of factual situations similar to the one at bar, opined that only the mayor may remove the village attorney. (1974 Atty Gen [Inf Ops] 204, 1974 WL 324345, 1974 NY AG LEXIS 117; 1979 Atty Gen [Inf Ops] 177, 1979 WL 34357, 1979 NY AG LEXIS 95.) Toner further *548 contends that the appointment of the Leventhal firm by the Board was contrary to law in that only the Mayor has the statutory power to do so. (Citing Village Law § 4-400 [1] [c], Matter of Briggs v Harmin, 96 AD2d 616 [3d Dept 1983].)
Plaintiff contends that there was good reason to terminate Toner, advancing the affidavit of Village Trustee Von Roeschlaub, who claims that he is loyal to the Mayor only, interfered with her duties as a fiduciary of the Village, and attempted to “intimidate” her at the meeting at which the Board terminated his services. She states that his exclusive loyalty to the Mayor was evident at that meeting when he failed to intercede after the Mayor had officers of the Nassau County Police Department remove her political opponents for speaking out of turn, where her own supporters were not similarly removed. She characterizes this alleged divided loyalty as a conflict of interest. She further contends that the temporary restraining order of this court granting Toner the exclusive status of Village Attorney, which had been issued upon presentation of an order to show cause by the Mayor in Matter of Giunta v Avena, has thwarted the legislative agenda of the Board and has shifted control of policymaking to the Mayor. She concludes by appealing to the court not to deprive the Board of the assistance of counsel, nor to impose upon it an attorney whose loyalty is not to it.
In further support of its application, the Village argues, through Leventhal,[1] that the Board has the authority to approve contracts pursuant to Village Law § 4-412, and although the Mayor is charged with the duty to execute such a contract the same is no more than a ministerial act. Leventhal further states that there has been an “utter breakdown” in his relationship with the client, and continued representation would therefore violate rule 1.7 (a) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0). (Attorney should not represent client where reasonable lawyer would conclude that there was a significant risk that attorney’s professional judgment would be affected by his own interests.) Leventhal also argues the well-established law that a client may discharge an attorney at any time. As Toner does not enjoy the status of a public officer *549 of the Village, but rather is an independent contractor, he thus is subject to the discharge that occurred. He also argues that pursuant to Village Law § 3-302 (4), the maximum term available to Toner as Village Attorney was one year, which had passed by the time of his removal, and that the Board was authorized to hire his firm as an independent contractor, again pursuant to Village Law § 4-412. Finally, he contends that by continuing to act as Village Attorney Toner has sowed confusion both in and outside the Village, and has refused to turn over legal files and other Village property.
In order to obtain a preliminary injunction the movant must demonstrate by clear and convincing evidence a probability of success on the merits, irreparable harm absent the granting of the relief, and a balancing of the equities in the movant’s favor. (Behar v Quaker Ridge Golf Club, Inc., 95 AD3d 808 [2d Dept 2012]; Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691 [2d Dept 2011]; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; W.T. Grant Co. v Srogi, 52 NY2d 496 [1981]; Washington Deluxe Bus, Inc. v Sharmash Bus Corp., 47 AD3d 806 [2d Dept 2008]; Abinanti v Pascale, 41 AD3d 395 [2d Dept 2007].) The injunction should not be granted here because the Village has not shown that it is likely to succeed on the merits.
The question for the court is, ultimately, one of statutory authority—specifically, whether it is the Mayor or the Board’s majority members who had the power to terminate Toner as Village Attorney, a position for which he was undisputedly hired and serving until the Board’s action. That the situation presented here had its genesis in local politics, and has and may very well continue to be contentious, does not change the nature of that question. Upon a review of applicable authority, the court concludes that the power to hire and fire lies with the Mayor, and not with the Board.
Village Law § 4-400 (1) (c) (i) provides, in relevant part, that the Mayor has the responsibility “to appoint all department and non-elected officers and employees subject to the approval of the board of trustees.” The appellate courts have thus held that this statute “plainly authorizes the Mayor to appoint the village attorney” and have endorsed the position that absent resignation or removal “by the Mayor” the person serving in that position could not be replaced by the Board of Trustees. (Matter of Briggs v Harmin, 96 AD2d at 617.) Further, “Although the Village Law contains no explicit provision regarding the authority to discharge employees, the power to *550 appoint officers and employees carries with it the power to discharge employees . . . Thus, the Mayor, without the consent of the Board of Trustees, had the power to discharge [the employee]” (Matter of Correia v Incorporated Vil. of Northport, 12 AD3d 599, 600 [2d Dept 2004]; see also Bishopp v Village of Spring Val., 213 AD2d 441 [2d Dept 1995]). Given this interpretation of a village mayor’s powers, and the clear exclusive power of a mayor to appoint employees, it is but a small step to conclude that the power to discharge is also exclusive to the mayor. Unlike in the case of an initial hiring, the Second Department stated in Correia that consent of a board of trustees was not required when the issue is a discharge. It therefore cannot be said that under the Village Law the Board in the present case had any power to discharge a mayoral appointment over the Mayor’s objection.
Further, the Correia court cited with approval the informal opinion of the Attorney General, relied upon by Toner in his opposition. (1974 Atty Gen [Inf Ops] 204, 1974 WL 324345, 1974 NY AG LEXIS 117.) While such opinions are not dispositive, they are entitled to significant weight where, as here, they are contemporaneous interpretations of the then-recodified Village Law. (See Matter of Comedy Playhouse, LLC v New York State Liq. Auth., 83 AD3d 1397, 1399 [4th Dept 2011].) In that same vein, and in view of the appellate determinations cited in the preceding paragraph, this court finds persuasive the 1979 opinion cited by Toner, in which a board of trustees refused to re-approve a village attorney who had been reappointed by the village mayor. His initial appointment had been approved by the village board, and he was still in the position of village attorney when the board voted not to approve the appointment and to terminate him. The Attorney General reasoned that as the attorney was an employee of the village, his appointment was at the will of the appointing officer (the mayor), and his employment thus continued until terminated by that appointing officer. The Attorney General also found irrevelant to the foregoing that there was a specified termination date. (1979 Atty Gen [Inf Ops] 177, 1979 WL 34357, 1979 NY AG LEXIS 95.)
Given the foregoing, the court rejects the plaintiff’s contention that the Board could take the actions it did under its power to enter into contracts for Village services. (Citing Matter of Karedes v Colella, 292 AD2d 138 [3d Dept 2002], revd on other grounds 100 NY2d 45 [2003].) This general grant of power *551 must yield to the more specific grant of authority to the Mayor to appoint Village employees such as the Village Attorney, as indicated above. Describing Toner as an independent contractor rather than an employee does nothing to change this, nor does it serve to distinguish in the plaintiff’s favor the authority set forth above. Further, as Toner is an employee and not an officer of the Village—and his not being an officer is asserted by Leventhal—the one-year maximum term for officers not otherwise described in the Village Law does not apply. (See Village Law § 3-302 [4].)
Finally, and while not minimizing the difficulty caused by the differences between the Board majority and the Mayor, the court does not find any ethical dilemma for Toner in continuing to serve as the Village Attorney. Contention between and among mayors and members of a board of trustees is hardly unprecedented. Indeed, if the Leventhal firm were to replace Toner it would itself be placed in a similar situation, or worse, as the Mayor is the chief executive of the Village and is charged with enforcing Village laws, supervising the police, and participating in civil litigation. (Village Law § 4-400 [1] [b], [d], [e], [f].) Forcing her to accept an attorney she does not want arguably runs contrary to the proper discharge of these duties. In any event, it is clear that the statute, the Attorney General and the courts have left it to the Mayor to determine whom to appoint and discharge as Village Attorney. There simply is nothing in the Village Law that gives the Board the right to substitute another lawyer for the current one because it has lost faith in his ability to carry out his function to its satisfaction. Whether or not it is in the Village’s best interests for the Mayor to continue her support for this particular Village Attorney (concerning which this court has no opinion) is not a question to be decided here.
Accordingly, as the plaintiff has not made the required showing of likelihood of success on the merits, the relief sought on its motion is denied in its entirety. Although it need not reach those prongs of the test for a preliminary injunction which call for a showing of the equities in favor of the movant and irreparable harm absent the granting of the injunction, the court notes that given the mayoral function under the Village Law, and the Mayor’s desire to continue with Toner as the Village Attorney, it would not find that the movant has made those showings either.
*552 The motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is deemed directed to the amended complaint and is granted.[2] There are three causes of action stated, one for declaratory relief, the second for a permanent injunction barring Toner from acting as Village Attorney, and a third for return of Village property and legal files concerning Village matters. The law regarding dismissals for failure to state a cause of action is well established. The court must look within the four corners of the complaint, and if any cause of action is discemable therefrom the motion should fail. (See e.g. Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977].) In making this determination, the factual allegations asserted in the pleading are to be accepted as true, and the plaintiff is to be accorded the benefit of every favorable inference that may be drawn therefrom. (Konidaris v Aeneas Capital Mgt., LP, 8 AD3d 244 [2d Dept 2004]; Leon v Martinez, 84 NY2d 83 [1994].) That does not extend to mere legal conclusions, however, which are not entitled to the presumption of truth and are not to be accorded every favorable inference. (Morris v Morris, 306 AD2d 449, 451 [2d Dept 2003].) Nevertheless, inartfully drawn complaints may be supplemented by affidavits on such a motion in order to sustain a claim. (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976].)
All three causes of action rest on the legality of the removal of defendant under the Village Law. The facts of the removal itself are undisputed, and the court is left with a question of law only. Based on the analysis set forth above, it finds that no claim against Toner is made out under New York law, as the Board did not have the power to remove him. Accordingly, as he remains the Village Attorney, a declaration that he was lawfully removed has no basis in law, the injunction against his acting as such also fails, and he cannot be compelled to turn over legal files and property of the Village that came into his possession as Village Attorney.
All contentions not specifically discussed are found to be without merit, and all requests for relief not addressed are denied.

. Much of what is argued here by Leventhal clearly refers to contentions raised by the Mayor in Matter of Giunta, as he refers to claims raised by “petitioner.” However, these arguments have been considered here insofar as relevant, given the fact that both these proceedings clearly are inextricably intertwined.

. The amended pleading contains the same causes of action and is based on the same events.